934 F.2d 319
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Austin Jerome GRAY, Plaintiff-Appellant,
v.
OVERLY MANUFACTURING COMPANY, Defendant-Appellee.
 No. 90-2386.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1991.
Decided June 4, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-89-593-N)
 Robert Vernon Clark, Jr., Koonz, Mckenney, Johnson & Regan, Landover, Md. (Argued), for appellant; John P. Zanelotti, Koonz, Mckenney, Johnson & Regan, Landover, Md., on brief.
 A. Gwynn Bowie, Jr., Smith, Somerville & Case, Baltimore, Md. (Argued), for appellee; Earl W. MacFarlane, Smith, Somerville & Case, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before WIDENER and K.K. HALL, Circuit Judges, and CLYDE H. HAMILTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Austin Jerome Gray appeals the district court's order of summary judgment in favor of Overly Manufacturing Company. We affirm.
 
 I.
 
 2
 The facts in this case are not disputed. Gray was a driver for Preston Trucking Company (Preston). Preston was engaged to deliver two standard metal acoustical doors, manufactured by Overly. Each door weighed 235 pounds and measured 3 feet wide, 7 feet high, and 1 3/4 inches thick. Gray was seriously injured when the doors fell over in his delivery truck and knocked him to the floor of the trailer.
 
 
 3
 At the time of Gray's injury, Preston had been a carrier of Overly's goods for many years, and Gray had been employed by Preston for over 16 years, 14 of them as a driver. Gray had experience handling heavy steel doors, having loaded them onto trucks and observed them being loaded onto trucks on prior occasions as a driver for Preston.
 
 
 4
 The doors that injured Gray were initially loaded onto one of Preston's trucks at Overly's plant in Greensburg, Pennsylvania. Along with freight of other shippers, they were taken to a nearby Preston terminal. There, the doors were unloaded and reloaded onto another truck by Preston employees. The doors were then transported to Preston's Landover, Maryland, terminal and again unloaded by Preston employees.
 
 
 5
 On the day of the accident, a dock worker at Preston's terminal in Landover, Maryland, who had been employed by Preston for over 19 years, loaded the doors onto appellant's truck for the day's scheduled deliveries. He placed them upright, one in front of the other, and braced them with surrounding freight. After making several deliveries, Gray attempted to reposition one of the doors. Gray saw only the door that was facing toward the inside of the trailer; he did not see the one standing behind it. As he attempted to shift the door, both doors fell forward and knocked him to the floor of the trailer.
 
 
 6
 Gray sued Overly for damages under two theories, one in negligence and one in strict liability. He alleged that Overly was negligent in failing "to properly package and/or label its doors as overweight, dangerous, and requiring special handling...." He also alleged strict liability for manufacturing and selling doors that were "unreasonably dangerous ... when used and handled in the ordinary course ... in that the defendant failed to warn of the unusual property of the doors, each weighing in excess of 200 pounds, and that extreme caution and special care was required in ... shipping the doors."
 
 
 7
 At the conclusion of discovery, Overly moved for summary judgment on both counts of Gray's complaint. After a hearing, the court issued a memorandum opinion and order, granting Overly's motion. Gray appeals from that ruling.
 
 II.
 
 8
 This action is governed by the substantive law of Maryland. However, no Maryland case or statute supports Gray's cause of action. He cites Valk Mfg. Co. v. Rangaswamy, 74 Md.App. 304, 537 A.2d 622 (1988), rev'd on other grounds sub nom. Montgomery Co. v. Valk Mfg. Co., 317 Md. 185, 562 A.2d 1246 (1989), in support of his argument that professional freight handlers fall within the class that could bring a product liability action. Though the Valk court expressly extended product liability to "bystanders" based on a foreseeability analysis, liability was premised on the product's use. In the instant case, however, the product was not being used.
 
 
 9
 The district court declined to extend liability in this situation, holding that "[w]hile there may be some question about the duty owed to laypersons, the relationship here is between a manufacturer and a professional freight handler.... [There is] no special duty to provide warnings about the weight of the doors beyond what was already contained in the freight order and manifest." We also decline to extend liability under the facts of this case. Thus, we affirm on the reasoning of the district court.
 
 
 10
 AFFIRMED.